UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22584-Civ-GRAHAM
MAGISTRATE JUDGE P.A. WHITE

LARRY MORROW,                    :

    Petitioner,              :

v.                               :        REPORT OF
                                          MAGISTRATE JUDGE
WALTER A. McNEIL,                :

    Respondent.              :

_____

## I. Introduction

Larry Morrow, a state prisoner confined at Hamilton Correctional Institution at Jasper, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 attacking the lawfulness of his conviction and sentence entered in Case No. 04-30830 in the Circuit Court of the Eleventh Judicial Circuit of Florida, at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition and attached exhibit, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

## II. Claims

Morrow raises the following grounds for relief:

1.    He received ineffective assistance of trial counsel, because his lawyer failed to advise him that if he did not accept the state's plea offer of 365 days the state would seek an enhanced habitual felony offender sentence if found guilty at trial.

2.    He received ineffective assistance of trial counsel, because his lawyer failed to object to improper comments made by the prosecutor that he was guilty.

3.    The trial court violated his right to a fair trial when the court had an *ex parte* communication with the jury.

### III. <u>Procedural History</u>

Morrow was charged by Amended Information with the offense of robbery by sudden snatching. (Appendix to Response to Petition for Writ of Habeas Corpus at 13-5)(DE# 12). Morrow entered a plea of not guilty to the charge. Immediately before jury selection, the state made an offer of 366 days' confinement, a sentence below the sentencing guidelines range, in exchange for a plea of guilty. <u>See</u> Transcript of sentence proceeding conducted on June 28, 2005, at 19-20.[1] The trial court, without having reviewed Morrow's prior convictions, intervened and offered Morrow a 364-day sentence. <u>Id</u>. at 20. Morrow did not immediately accept the court's offer. <u>Id</u>. While Morrow was deciding whether to accept the plea offer, which was taking a considerable period of time, the trial court asked to see Morrow's prior convictions. <u>Id</u>. Immediately upon learning of Morrow's extensive criminal record, the trial court withdrew the offer, stating that the court would not accept a plea of 364 days. <u>Id</u>. Consequently, the case proceeded to trial before a jury. <u>Id</u>. Morrow was found guilty by the jury of the offense charged. (Appendix to Response to Petition for Writ of Habeas Corpus at 38). Morrow was adjudicated guilty of the offense and due to his extensive criminal record, he was sentenced as an habitual felony

---

[1]The transcript of the sentence proceeding conducted on June 28, 2005, can be found at Respondent's Appendix at 49-71. (DE# 12).

offender to a term of imprisonment of ten years.[2] Id. at 39-42, 91-3.

Morrow prosecuted a direct appeal from his conviction and sentence, raising the following issue: "The trial court committed per se reversible error by communicating with the jury during its deliberations outside the presence of defense counsel and without giving defense counsel the opportunity to be heard prior to that communication with the jury." Id. at 103-20. Because the record was silent as to whether Morrow, defense counsel and the prosecutor had been present in the courtroom during a critical

---

[2]Before imposing the ten-year habitual offender sentence, the trial court stated:

> Let me state for the record, that the Court does recollect and the Court upon seeing [Morrow's] priors then decided that 366 was not appropriate for this defendant and [Morrow's] priors were such on April 24, 2002, he was convicted of burglary. He was given a year and a day.
>
> On August 3rd, 2000, he was given a year and a day for two cases, for burglary and grand theft.
>
> In 1999 he had two petit thefts. He was given 45 days. In 1999, May 21st, he was given 120 days for cocaine possession, drug paraphernalia, drug possession.
>
> In 1998, on 10/6/98, he was given two years for a robbery.
>
> In 1995 he had cocaine sale, cocaine possession. He was given three years on October 18th, 1995.
>
> On August 4, 1993, he was given 40 days for cannabis and petit theft and assault. On March 20, 1990, he was given five years for aggravated assault, that also included uttering a forged instrument and obtaining property by false means and grand theft second. All that in 1982. That was 1982 for five years.
>
> He had a grand theft conviction on 1/11/82 that he was given six months. In 1982, also 10/20/82, he was given five years for another robbery. That is his second robbery.
>
> In 1996, Marijuana possession, narcotics implementation/possession, 20 days. On 12/10/1996, petit theft, he was convicted on May 31, 2001 and given 60 days.
>
> And he has many other petit theft, petit larceny convictions and petit theft convictions in 2001.
>
> I had no idea of these convictions. This is his third robbery conviction so, therefore, I didn't think a year and a day was appropriate....

(Transcript of the sentence proceeding conducted on June 28, 2005, at 20-2).

stage of the proceeding (i.e., when the jury initially returned the verdict and the trial court communicated with the jury regarding the verdict form), the state moved to relinquish jurisdiction to the trial court to reconstruct the record. Id. at 123-29. After the factual issue had been resolved and jurisdiction returned to the appellate court, the Florida Third District Court of Appeal *per curiam* affirmed the conviction and sentence. Id. at 178. See also Morrow v. State, 937 So.2d 1220 (Fla. 3 DCA 2006)

Morrow also pursued pro se postconviction relief, filing in the trial court a motion pursuant to Fla.R.Crim.P. 3.850, challenging his conviction and sentence on the identical two grounds of ineffective assistance of trial counsel raised in the instant petition as well as two additional unrelated grounds for relief. (Appendix to Response to Petition for Writ of Habeas Corpus at 185-200). The state filed a response, asserting that Morrow was not entitled to postconviction relief on the ground presented here as claim two in that it was meritless. Id. at 201. Regarding, the claim presented here as claim one, the state conceded that an evidentiary hearing was first needed before disposition of the claim. Id. at 201-02. The trial court agreed and ordered that evidentiary proceedings be conducted on the motion where Morrow would be represented by counsel. Id. at 206. During the evidentiary hearing, former trial counsel Priscilla Trevilla[3] and Morrow[4] testified as witnesses. Id. 207-46. After

---

[3]In pertinent part, Trevilla testified that the state had filed a notice of habitual offender in the case and she discussed the consequences of a habitual offender enhancement with Morrow during private conversations and the issue was again discussed with Morrow on the record with the trial court. See Transcript of hearing conducted on October 30, 2007, at 11. Trevilla testified that she advised Morrow that he was facing ten years' imprisonment as an habitual offender if he proceeded to trial and was found guilty. Id. at 11-2. Trevilla testified that she attempted to obtain a negotiated plea with the state, but when the trial court learned of Morrow's extensive criminal record, plea negotiations were no longer possible. Id. at 12-3. The plea offer was 366 days by the state and the court had offered 364 days, and Morrow was inclined to accept the offer. Id. However, once the court was apprised of Morrow's prior convictions, there was no choice but to

listening to argument of counsel and before concluding the evidentiary proceedings, the trial court noted: the court docket indicated that Morrow had been present in court at the time the notice of enhancement had been filed. Id. at 244. Subsequent to the hearing, the trial court reviewed the record in the case, which included a copy of the transcript of the sentence proceeding, and then entered a written order, denying the Rule 3.850 motion. See Order Denying Motion for Postconviction Relief filed July 23, 2007. (Appendix to Response to Petition for Writ of Habeas Corpus at 247-49).

Specifically, as to the claim that trial counsel rendered ineffective assistance for failing to object to improper comments made by the prosecutor during closing argument, the trial court ruled as follows:

> [Morrow] argues that his attorney rendered ineffective assistance of counsel by failing to object to an improper closing argument by the prosecutor. The alleged comment was: "Larry Morrow is guilty."[5] [Morrow] argues that this constituted an expression of personal opinion by the prosecutor.
>
> Viewed in the context of the entire closing argument,[6] it is clear that this comment did not qualify as an expression

---

proceed to trial. Id. Trevilla also testified as to her practice when a notice of habitual offender is filed by the state, stating that she advises her client of the possible habitual offender consequences on more than one occasion. Id. at 13-4.

[4]In pertinent part, Morrow testified at the evidentiary hearing that former trial counsel had advised him that he would most likely win at trial, but that he could take the plea offer of 364 days with six months credit for time served. See Transcript of hearing conducted on October 30, 2007, at 22-23. Morrow testified that trial counsel never advised him that he faced an enhanced habitual offender sentence and never told him that he was possibly facing a term of imprisonment of ten years. Id. at 24-6. Morrow testified that neither counsel nor the court advised him about the habitual offender enhancement and he did not learn of it until the time of sentencing. Id. at 23-6.

[5]See Trial Transcript at 211, 221. (DE# 11).

[6]See Trial Transcript at 211-21. (DE# 11).

of personal opinion. The prosecutor was simply arguing to the jury that the evidence in the case proved beyond a reasonable doubt that [Morrow] was guilty of the crimes [sic] with which he was charged. Transcripts of the prosecutor's closing argument will be attached to this order. The court denies relief on this issue.

(Order Denying Motion for Postconviction Relief filed July 23, 2007, at 1).

With regard to the ground presented in this federal petition as claim one, the trial court stated as follows in its written order:

[Morrow] next argues that his attorney was ineffective for failing to advise him that his maximum potential sentence could be doubled because he qualified as a habitual felony offender. [Morrow] claims he would have taken a plea, rather than risk a trial, had he been properly advised of this fact.

The court heard testimony from Assistant Public Defender Priscilla Trevilla, who represented [Morrow] at trial. Mrs. Trevilla testified to her qualifications and experience. She testified that she did indeed advise [Morrow] that his maximum potential sentence could be doubled as a habitual felony offender. She testified that it is her routine practice to advise clients about any enhanced penalties they are facing.

The court also heard testimony from [Morrow]. He maintained that Mrs. Trevilla never told him that he was facing enhanced penalties as a habitual felony offender. [Morrow] testified that he did not learn of his habitual felony offender status until the day of his sentencing. [Morrow] admitted that he has other felony convictions, besides the present case, but he cannot recall ever being habitualized in any of those prior cases.

The court finds the testimony of Assistant Public Defender Priscilla Trevilla credible and the testimony of [Morrow] not credible. The court finds that Mrs. Trevilla did advise [Morrow] prior to trial that his sentence could be doubled as a habitual felony offender, and that he was facing a maximum of ten (10) years state prison on this charge. Furthermore, the court file reflects that the state filed a notice of intent to seek enhanced penalty at arraignment on November 3, 2004, and that [Morrow] was present in court at the time.

The clerk shall attach to this order the transcripts of the evidentiary hearing on October 30, 2007, the state's notice

6

of intent to seek enhanced penalty filed November 3, 2004,
and a copy of the insert reflecting [Morrow's] presence at
arraignment on November 3, 2004. The court denies relief on
this issue.

Id. at 1-2.

After Morrow's motion for rehearing was denied, on November
29, 2007, a notice of appeal was filed from the trial court's
rulings by postconviction counsel on Morrow's behalf, and the
appellate case was assigned Case No. 3D07-3091. Id. at 180, 181,
250-79, 280. On December 10, 2007, counsel filed a motion to
withdraw as counsel, and the motion was granted by the appellate
court on January 4, 2008. See http://www.3dca.flcourts.org.[7] On
April 4, 2008, the appellate court issued an Order, advising
Morrow that the time for filing the initial brief had expired and
that the case would be dismissed if he did not file his brief
within twenty days or the court was not otherwise notified that
the matter was being diligently prosecuted. (Appendix to Response
to Petition for Writ of Habeas Corpus at  262). On or about April
23, 2008, Morrow apparently filed with the Third District Court of
Appeal a copy of a Motion for Rehearing  filed in the trial court.
Id. at 263-79. By order entered on May 7, 2008, the appellate
court dismissed the appeal without prejudice for failure to comply
with the Court's order dated April 4, 2008, and with the Florida
Rules of Appellate Procedure. Morrow v. State,  2008 WL 2313326,
*1  (Fla. 3 DCA 2008). Morrow's subsequent motions for
reinstatement of the appeal and for clarification were denied.
(Appendix to Response to Petition for Writ of Habeas Corpus at
280-84). Review of the computerized dockets maintained by the
Clerk, Florida Third District Court of Appeal and Clerk, Miami-

---

[7]The Court takes judicial notice of information available at the database
maintained by the Clerk of Court, Florida Third District Court of Appeal,
see http://www.3dca.flcourts.org, viewed on this date in Morrow v. Blanc, Case
No. 3D07-3091. See Fed.R.Evid. 201.

Dade County Circuit Court has revealed that no further proceedings were conducted in the state courts with regard to the subject conviction and sentence. See http://www.3dca.flcourts.org.; http://www.miami-dadeclerk.com/dadecoc/[8].

## IV. Threshold Issue - Timeliness, Exhaustion and Procedural Bar

Not long after the state appellate proceedings had concluded, Morrow came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to §2254. The respondent rightfully does not challenge the timeliness of this petition. See 28 U.S.C. §2244(d). The respondent further concedes that claim three of the instant petition has been properly exhausted and is not subject to any procedural bar. The respondent argues, however, that claims one and two of the instant petition have not properly been exhausted and are prospectively procedurally barred from federal habeas corpus review. For the reasons indicated below, the respondent's argument is meritorious. Consequently, Morrow is solely entitled to review on the merits of ground three.

## V. Standard of Review

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and

---

[8]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Eleventh Judicial Circuit, Miami-Dade County in State v. Morrow, No. 04-30830 as well as information available at the database maintained by the Clerk of Court, Florida Third District Court of Appeal viewed this date. See Fed.R.Evid. 201.

Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

As the United States Supreme Court explained in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. *See id*. at 409-11. <u>See also</u> <u>Knowles v. Mirzayance</u>, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. at 412, 120

S.Ct. at 1523 (majority opinion by O'Connor, J.). Findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), cert. denied, ___ U.S. ___, 128 S.Ct. 2053 (2008).

## VI. Discussion

### A. Claims One and Two

Morrow claims in ground one that he received ineffective assistance of trial counsel, because his lawyer failed to advise him that if he did not accept the state's plea offer of 365 days the state would seek an enhanced habitual felony offender sentence if found guilty at trial. He claims in ground two that he received ineffective assistance of trial counsel, because his lawyer failed to object to improper comments made by the prosecutor that he was guilty. These grounds for relief were raised and rejected by the trial court in the Rule 3.850 proceedings, after an evidentiary hearing.

It is beyond dispute that before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies; 28 U.S.C. §2254(b)(1), thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29-30 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Further, to provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. Baldwin, 541 U.S. at 29-30; Duncan, 513 U.S. at 365-366. See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

Thus, an applicant's federal writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[9] In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion, *and* an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). A claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850. McClain v. State, 629 So.2d 320 (Fla. 1 DCA 1993); Loren v. State, 601 So.2d 271 (Fla. 1 DCA 1992).

The procedural history of this case as set forth above indicates that while Morrow raised grounds one and two of the instant federal petition in his pro se Rule 3.850 motion, due to his failure to properly file a brief as ordered by the Florida appellate court, he failed to perfect an appeal from the denial of postconviction relief. He, therefore, never obtained appellate review of the trial court's rulings, denying him postconviction relief. As stated immediately above, exhaustion of state remedies for purposes of federal habeas corpus relief requires not only a filing of motion for postconviction relief, but also an appeal

---

[9]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of    the State; or
>     (B)(i) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>                             .     .     .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

11

from its denial. <u>Leonard v. Wainwright</u>, 601 F.2d at 808. The two claims are unexhausted.

When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court," <u>Kelley v. Secretary for Dept. of Corr.</u>, 377 F.3d 1317, 1351 (11 Cir. 2004)(internal quotation marks omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim, <u>see</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277-79, 125 S.Ct. 1528, 1535-36, 161 L.Ed.2d 440 (2005). However, such a result in this instance would be futile. "A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11 Cir. 2008). <u>See also Kelley</u>, 377 F.3d at 1351 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")(internal quotation marks omitted).

While the dismissal entered on May 7, 2008, was without prejudice, Morrow's subsequent motion to reinstate his appeal was denied by order entered on July 2, 2008, and when he sought clarification of "dismissed without prejudice" the appellate court denied that motion as well. <u>See</u> <u>Morrow v. State</u>, No. 3D07-3091; http://www.3dca.flcourts.org. Morrow has taken no effort whatever since to seek appellate review of the trial court's ruling denying him postconviction relief. Due to Morrow's failure to take a proper appeal from the denial of post conviction relief, there is

no longer a remedy available in state court. The claims are, therefore, procedurally defaulted from federal review. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).[10] See also Flieger v. Delo, 16 F.3d 878, 885 (8 Cir. 1994)(holding that specific ineffectiveness claims that petitioner raised in state postconviction proceeding, but not in his state court appeal of denial of postconviction relief, were procedurally barred, and could not be raised in federal habeas proceeding absent showing of cause and prejudice or fundamental miscarriage of justice); Rodwell v. Singletary, 114 F.Supp.2d 1308, 1312 (M.D.Fla. 2000)(holding that failure to appeal denial of claim raised in post-conviction motion filed with Florida state trial court resulted in a procedural default); Farrell v. Lane, 939 F.2d 409, 410 (7 Cir.)(holding that petitioner waived claim of ineffective assistance of counsel for purposes of habeas review, even though he had raised that issue in postconviction petition for relief, where he failed to appeal denial of postconviction petition), cert. denied, 502 U.S. 944 (1991). Thus, the petitioner's unexhausted claims are now incapable of exhaustion at the state level and would be procedurally barred under Florida law, because Morrow cannot now pursue a postconviction appeal.

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006);

---

[10] A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

<u>Mize</u>, 532 F.3d at 1190. "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11 Cir. 2003)(<i>quoting</i> <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11 Cir. 1999)). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." <u>Henderson</u>, 353 F.3d at 892. Morrow has not alleged, let alone demonstrated, cause for the default and actual prejudice. He, therefore, cannot overcome the procedural bar. <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Moreover, application of the bar is appropriate in this case, because Morrow has not established that a fundamental miscarriage of justice will result from application of the bar. In other words, he has not shown that he is actually innocent of the crime for which he was convicted. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518 (2006). <u>See also</u> <u>Bousley v. United States</u>, 523 U.S. 614 (1998); <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995). Morrow has failed to meet the high standard of factual innocence, because he has come forward with no new reliable evidence to support any claim of actual innocence.

This Court notes that even if the claims were not subject to a procedural bar, Morrow would not be entitled to federal habeas corpus relief in that the claims are meritless as refuted by the record for the reasons expressed in the trial court's order denying postconviction relief. The trial court's reasons are clearly supported by the above-reviewed record and applicable law. With regard to claim one, after listening to testimony from former trial counsel and Morrow at the evidentiary hearing, the trial court expressly found Morrow's assertions not credible while finding the testimony of former trial counsel credible. Determinations of credibility are best made by the trial court

14

judge who can assess the demeanor and candor of the witnesses. Gore v. Secretary for Dept. of Corrections, 492 F.3d 1273, 1300 (11 Cir. 2007)(noting that while reviewing court also gives a certain amount of deference to credibility determinations, that deference is heightened on habeas review), *citing*, Rice v. Collins, 546 U.S. 333, 341-42 (2006)(stating that "[r]easonable minds reviewing the record might disagree about the [witness'] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination"). See also Baldwin v. Johnson 152 F.3d 1304, 1317 (11 Cir. 1998), *citing*, Marshall v. Lonberger, 459 U.S. 422, 434 (1983)("Title 28 U.S.C. §2254(d) gives federal habeas [corpus] courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); Smith v. Kemp, 715 F.2d 1459, 1465 (11th Cir.)("Resolution of conflicts in evidence and credibility issues rests within the province of the state habeas court, provided petitioner has been afforded the opportunity to a full and fair hearing."), cert. denied, 464 U.S. 1003 (1983).

Thorough review of the record in this case yields no suggestion that the trial court's findings of fact made during the state postconviction proceeding where the subject issues were raised were not supported by the record or were otherwise deficient. Because Morrow has not rebutted the trial court's findings of fact by clear and convincing evidence, the findings are presumed correct.[11] See 28 U.S.C. §2254(e)(1). Presuming those

---

[11]Federal courts in habeas corpus proceedings are required to grant a presumption of correctness to state court's explicit and implicit findings of fact, if supported by the record. 28 U.S.C. §2254(e)(1). See also Green v. Johnson, 160 F.3d 1029, 1045 (5 Cir. 1998), cert. denied, 525 U.S. 1174 (1999). If it is clear that the trial court would have granted the relief sought by the petitioner had it believed the testimony of certain witnesses, "its failure to grant relief was tantamount to an express finding against the credibility of [those witnesses]." Marshall v. Lonberger, 459 U.S. 422, 433 (1983), citing, LaVallee v. Delle Rose, 410 U.S. 690 (1973).

findings correct, and review of the full record reveals that
Morrow has not established that counsel's performance was
constitutionally ineffective pursuant to <u>Strickland v. Washington</u>,
466 U.S. 668 (1984) with regard to claim one.

Regarding claim two, prosecutorial misconduct, after full
review of the opening statement and closing argument in light of
the trial as a whole and applicable constitutional principles, the
now-challenged comment by the prosecutor that Morrow was guilty
was proper and Morrow was not denied a fundamentally fair trial.[12]
<u>See</u> <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974). Contrary
to Morrow's assertion, the subject comment did not mislead the
jury as to the burden of proof and/or in any way shift the burden
of proof to him, which is improper under both federal and state
law principles. <u>See e.g.</u>, <u>Duncan v. Stynchcombe</u>, 704 F.2d 1213,
1215-16 (11 Cir. 1983); <u>United States v. Downs</u>, 615 F.2d 677, 679
(5 Cir.1980); <u>Jackson v. State</u>, 575 So.2d 181 (Fla. 1991)(when
arguing to the jury, the State may not make comments that mislead
the jury as to the burden of proof).

---

[12]In considering a claim that the prosecutor's comments to the jury violated
the petitioner's right to a fair trial, federal habeas corpus review is "the
narrow one of due process, and not the broad exercise of supervisory power."
<u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 642 (1974); <u>Romaine v. Head</u>, 253 F.3d
1349, 1366 (11 Cir. 2001)(citing <u>Brooks v. Kemp</u>, 762 F.2d 1383, 1403 (11 Cir.
1985)(en banc)("A permissible argument, no matter how 'prejudicial' or
'persuasive,' can never be unconstitutional," <i>vacated on other grounds</i>, 478 U.S.
1016 (1986), <i>reinstated</i>, 809 F.2d 700 (1987)(en banc)). While a prosecutor may not
go beyond the evidence before the jury, he is not limited to a bare recitation of
the facts; he may comment on the evidence, and state his contention as to the
conclusions the jury should draw from the evidence. <u>United States v. Johns</u>, 734
F.2d 657, 663 (11 Cir. 1984). To amount to a constitutional violation, the
prosecutor's remarks must have "so infected the trial with unfairness as to make
the resulting conviction a denial of due process." <u>Donnelly</u>, 416 at 644. In
assessing whether the fundamental fairness of the trial has been compromised, the
totality of the circumstances are to be considered in the context of the entire
trial, <u>Hance v. Zant</u>, 696 F.2d 940 (11 Cir.), <u>cert. denied</u>, 463 U.S. 1210 (1983);
and "[s]uch a determination depends on whether there is a reasonable probability
that, in the absence of the improper remarks, the outcome of the trial would have
been different." <u>Williams v. Weldon</u>, 826 F.2d 1018, 1023 (11 Cir.), <u>cert. denied</u>,
485 U.S. 964 (1988). Federal case law regarding closing argument is the same as
Florida law, <u>see e.g.</u>, <u>Darden v. Wainwright</u>, 477 U.S. 168, 179-183 (1986)(quoting
<u>Donnelly</u>, 416 U.S. at 643).

Thus, the denial of postconviction relief by the trial court on the identical grounds of ineffective assistance of trial counsel raised here was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Denial of relief pursuant to 28 U.S.C. §2254(d) would therefore be appropriate even if the claims were not procedurally barred. See Williams v. Taylor, 529 U.S. 362 (2000). See also Knowles, ____ U.S. ____, 129 S.Ct. at 1420 (noting that a habeas court's review of a claim under the *Strickland* standard is "doubly deferential"), *citing*, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). The fact that the state court's decision did not cite to Supreme Court opinions does not indicate otherwise. Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*quoting* Early v. Packer, 537 U.S. 3, 7-8 (2002).

### B. Claim Three

Morrow claims in ground three that his right to a fair trial was violated, because the trial court engaged in an *ex parte* communication with the jury. The identical claim was raised and rejected by the state appellate court on direct appeal.

Review of the record reveals that after its deliberation, the jury returned to the courtroom to announce its verdict. (Trial Transcript at 242)(DE# 11). The court reviewed the verdict form and found that the foreperson had checked both boxes on the verdict form with regard to the main offense charged and the lesser included offense. See Verdict. (Appendix to Response to Petition for Writ of Habeas Corpus at 38). The verdict form indicated that Morrow was guilty of the offense of robbery by sudden snatching, the crime charged, as well as guilty of petit

theft, the lesser included offense. Id. The trial court then advised the jury as follows:

> Be seated please. The verdict form is not legally correct. You checked off two boxes. If you believe the defendant is guilty of the main offense, then you don't need to consider the lesser included offense. If you think he is not guilty of the main offense, you can find him guilty of a lesser included offense. So, you need to go back and figure that out. Okay.

(Trial Transcript at 242)(DE# 11). When a juror asked if another form needed to be filled out, the court responded in the negative and instructed the jury to just initial the verdict form. Id. The jury returned to the jury room and after a very brief recess, the jury returned with its verdict. Id. The court then found the verdict form legally sufficient, and the Clerk of Court published the verdict. Id. at 242-43. Id. The corrected verdict form indicated that Morrow was guilty of robbery by sudden snatching and the x-mark earlier made on the verdict form finding Morrow also guilty of petit theft was scratched out with the initials of the foreperson placed next to the correction. See Verdict. The jury was polled at the request of trial counsel and each juror responded in the affirmative when asked if that was his or her verdict. See Trial Transcript at 243.

The record was silent regarding whether Morrow and trial counsel had been present during that critical stage of the proceedings. Accordingly, during the direct appeal proceeding, the appellate court relinquished jurisdiction to the trial court to reconstruct the record to resolve the issue. See Transcript of hearing conducted on June 6, 2006.[13] A hearing was conducted by the trial court. Id. Before the hearing, the state filed a pleading,

---

[13]The transcript of the hearing can be found at Appendix to Response to Petition for Writ of Habeas Corpus at 123-8). (DE# 12).

18

entitled, "Statement of Proceedings." <u>See also</u> Statement of Proceedings. (Appendix to Response to Petition for Writ of Habeas Corpus at 129). In pertinent part, the document stated: "Present in the courtroom when the court gave the [subject] instruction were prosecutor J.Scott Dunn, defense attorneys Priscilla Trevilla and Ivonne Cuesta, and defendant Larry Morrow." <u>Id</u>. at ¶2. At the hearing, newly-appointed trial counsel agreed with the state that former defense counsel had in fact been present with Morrow during the subject proceeding before the jury. <u>Id</u>. at 3-5. After an order was entered by the trial court, approving of the agreed findings and supplementing the record, jurisdiction was then returned to the appellate court to dispose of the issue raised on direct appeal. <u>Id</u>. at 131.

Thus, the record clearly shows that there was no *ex parte* communication whatever between the judge and the jurors, as argued here.[14] If Morrow is also claiming, as he did in his direct appeal, that the trial court violated state rules of criminal procedure when it so instructed the jury without having first consulted with counsel, <u>see e.g.</u>, <u>Fla.R.Crim.P</u>. 3.410,[15] 3.530,[16] any such claim

---

[14]It is noted that "'[t]he mere occurrence of an *ex parte* conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication.'" <u>United States v. Gagnon</u>, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985)(*quoting* <u>Rushen v. Spain</u>, 464 U.S. 114, 125-26, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983)(Stevens, J., concurring in judgment). Thus, to be entitled to relief, a petitioner must show that there was an *ex parte* communication and that *ex parte* communication resulted in prejudice which deprived him of a fair trial. <u>See</u> <u>Young v. Herring</u>, 938 F.2d 543, 557 (5 Cir. 1991)(discussing *Gagnon*, 470 U.S. at 526).

[15]<u>Fla.R.Crim.P</u>. 3.410 provides that

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The

is not remediable in a §2254 proceeding. It is well settled that matters of pure state law are not cognizable in federal habeas corpus proceedings, <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1433 (11 Cir. 1985). Federal habeas corpus is available for the vindication of rights existing under federal constitutional law, and not rights existing solely under state rules of criminal procedure. Accordingly, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process.  <u>Redman v. Dugger</u>, 866 F.2d 387 (11 Cir. 1989); <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1433 (11 Cir. 1985); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11 Cir. 1983).  Even when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. <u>Id</u>., at p. 1508, *quoting* <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1196-98 (5 Cir. 1976).

Moreover, even if the trial court's actions could be deemed improper for  failing to first consult with counsel before giving its instruction to the jury, Morrow is not entitled to federal habeas corpus relief in that the alleged error did not deprive Morrow of a fundamentally fair trial. <u>See generally</u> <u>Jacobs v.</u>

---

instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.

[16]<u>Fla.R.Crim.P</u>. 3.530 provides that

If a verdict is so defective that the court cannot determine from it whether the jurors intended to acquit the defendant or to convict the defendant of an offense for which judgment could be entered under the indictment or information on which the defendant is tried, or cannot determine from it on what count or counts the jurors intended to acquit or convict the defendant, the court shall, with proper instructions, direct the jurors to reconsider the verdict, and the verdict shall not be received until it shall clearly appear therefrom whether the jurors intended to convict or acquit the defendant and on what count or counts they intended to acquit or convict the defendant. If the jury persists in rendering a defective verdict, the court shall declare a mistrial.

20

_Singletary_, 952 F.2d 1282, 1290 (11 Cir. 1992)("An error in instructing the jury cannot constitute a basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process."); _Jones v. Kemp_, 794 F.2d 1536, 1540 (11 Cir.), _cert._ _denied_, 479 U.S. 965, 107 S.Ct. 466, 93 L.Ed.2d 411 (1986); _Bryan v. Wainwright_, 588 F.2d 1108 (5 Cir. 1979); _Pleas v. Wainwright_, 441 F.2d 56 (5 Cir. 1971). It is noted that, although certainly not dispositive of the claim, neither the prosecutor nor trial counsel voiced any objection whatever to the court's instructions to the jury regarding the defective verdict form and/or the return of the corrected verdict form. Further, when polled, each and every juror indicated that the verdict of guilty of the offense charged was his or her verdict.

Also, there was no violation of state law principles. Here, the jurors did not request additional instructions or to have any testimony read to them. Rule 3.410 was, therefore, not applicable. As determined by the state appellate court on direct appeal, Florida Rules of Criminal Procedure were not violated. _See_ _Morrow v. State_, 937 So.2d 1220, 1221 (Fla. 3 DCA 2006), _citing_, _Fla.R.Crim.P._ 3.530; _Mendoza v. State_, 700 So.2d 670, 674 (Fla. 1997), _cert. denied_, 525 U.S. 839, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998)(holding that trial court did not err when it denied defendant's motion for mistrial and did not violate _Fla.R.Crim.P._ 3.410 following court's _ex parte_ communications with jurors during lunch break, which communications included replies to juror's question about asking questions during trial and juror's question whether judge had opinion on highly publicized, unrelated case in that judge replied as succinctly and as innocuously as common courtesy permitted by indicating constraint upon engaging in conversation, and put encounter into record and, even if

erroneous, error was harmless); <u>Fla.R.Crim.P</u>. 3.410, 3.420 (recall of jury for additional instructions).

In conclusion, the appellate court's affirmance of Morrow's conviction on direct appeal, where the identical claim was raised, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>See</u>  <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). <u>See also</u> <u>Knowles</u>, ____ U.S. ___, 129 S.Ct. at 1420.

## VII. <u>Conclusion</u>

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 2nd day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Larry Morrow, <u>Pro Se</u>
     DC# 086682
     Hamilton Correctional Institution-Main Unit
     10650 S.W. 46 Street
     Jasper, FL 32052

     Lunar C. Alvey, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131